**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin R Friedman, et al., | No. CV-25-02601-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Nicholas Clifford Kerr, et al., | |
| Defendants. | |

Plaintiffs Martin and Cynthia Friedman brought this lawsuit in state court against Defendants Nicholas Clifford and Jane Doe Kerr. Doc. 1. Defendants removed the case to federal court and Plaintiffs filed a motion to remand. Docs. 1, 5. The motion is fully briefed. Docs. 1, 5, 8. For the reasons stated below, the Court will grant Plaintiffs' motion.

**I.     Background.**

This action arises from a car accident between Plaintiffs and Defendant Nicholas Kerr. Docs. 1 ¶¶ 7-11, 5 at 1. On December 5, 2024, Plaintiffs filed their complaint in Arizona state court to recover personal injury damages, and Defendant Kerr waived service on February 13, 2025. Doc. 1 ¶ 2. Defendants filed a notice of removal alleging diversity jurisdiction on July 23, 2025. Doc. 1. ¶¶ 6-7. Plaintiffs move to remand on the ground that removal was untimely. Doc. 5 at 2-4.

**II.    Removal Standard.**

When a complaint is filed in state court, a defendant has 30 days from receipt of the initial pleading to remove the case to federal court, provided there is a jurisdictional basis

for removal. *See* 28 U.S.C. § 1446(b)(1). "If no ground for removal is evident in that pleading, the case is 'not removable' at that stage." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). But if a defendant subsequently receives "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," then notice of removal must be filed within 30 days of receiving the notice. *See* 28 U.S.C. § 1446(b)(3). A removing defendant bears the burden of demonstrating there is a jurisdictional basis for removal. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006).

**III.   Defendants' Notice of Removal.**

The question is whether Defendants' notice of removal was timely filed – that is, whether the notice was filed within 30 days of Defendants' receiving a pleading or paper giving rise to the basis for removal. Docs. 1 ¶ 10, 5 at 5; 28 U.S.C. § 1446(b)(1), (3). Defendants argue that removal on July 23, 2025 was timely because the jurisdictional basis for removal could not be ascertained until June 24, 2025, when Plaintiffs indicated for the first time, in their initial disclosure statement, that they intended to seek damages above $75,000.00. Doc. 1 ¶ 6. Plaintiffs point to their complaint and a separate email as putting Defendants on notice of the ground for removal. Plaintiffs claim Defendants' 30-day window for removal closed long before their notice was filed.

**A.   Plaintiffs' Complaint.**

Plaintiffs contend the complaint put Defendants on notice of the damages sought through its assignment of the case to Arizona Tier 3, which implies damages in excess of $300,000. Docs. 1 ¶ 2, 5 at 3-4. Under the Arizona Rules of Civil Procedure, a complaint filed in state court must omit the alleged amount of damages unless it is a sum certain. Ariz. R. Civ. P. 8(b)(1). Instead, the complaint must identify the tier classification for the case. Ariz. R. Civ. P. 8(b)(2). When a complaint classifies the underlying suit as Tier 3, it indicates the plaintiff is claiming damages in excess of $300,000. *See* Ariz. R. Civ. P. 26.2(c)(3)(C) ("Actions claiming $300,000 or more in damages are permitted standard discovery as described for Tier 3."). Tier classification primarily indicates the expected

complexity of discovery. Ariz. R. Civ. P. 26.2(b) ("Cases should be considered for assignment to a tier by case characteristics, consistent with the factors that define proportional discovery in Rule 26(b)(1)."). As such, tier classification is not a per se proxy for a damages amount in a complaint.

Cases in this District have recognized tier classification as evidence of the amount in controversy for purposes of ascertaining a basis for removal. *See, e.g.*, *Haire v. Liberty Ins. Corp.*, No. CV-20-00686-PHX-DWL, 2020 WL 5088071, at *6 (D. Ariz. Aug. 28, 2020) ("Plaintiff's decision to check the Tier 3 box is . . . at least some evidence that Plaintiff valued his damages at $300,000 or more."); *Leonard v. Safeco Ins. Co. of Am.*, No. CV-23-08626-PCT-DWL, 2024 WL 657055, at *4 (D. Ariz. Feb. 16, 2024) ("Had Plaintiffs characterized this case as falling within Tier 3, that characterization would be evidence that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction."); *Griffith v. Christenson Translease Co. Inc.*, No. CV-24-8121-PCT-JFM, 2024 WL 3678568, at *2 (D. Ariz. July 17, 2024), *report and recommendation adopted*, No. CV-24-08121-PCT-DJH, 2024 WL 3676850 (D. Ariz. Aug. 6, 2024) (explaining "there appear[ed] to have been no ground for removability for diversity . . . because the Complaint . . . referenced a 'Tier 2' assignment, which . . . provided a range of damages . . . inadequate for diversity jurisdiction").

Because tier classification is multi-purposed, demonstrating both expected damages and discovery complexity, more than tier classification typically is needed to find damages were sufficiently pled to provide a basis for removal. *See, e.g.*, *Rieke v. ManhattanLife Assurance Co. of Am.*, No. CV-20-00724-PHX-GMS, 2020 WL 3056123, at *1 (D. Ariz. June 9, 2020) ("Because proper tier selection is based on the characteristics of the case, . . . the amount of damages claimed is not dispositive. Thus, while Plaintiffs' tier selection is some evidence of her amount in controversy, it is not enough to prove by a preponderance of the evidence that Plaintiff's damages in the action exceed the $75,000."); *Haire*, 2020 WL 5088071, at *6 (explaining "a declaration from counsel explaining why the Tier 3 box was checked" would have provided support for remand because "there might [have been]

other explanations for Plaintiff's decision to check the Tier 3 box" other than to establish damages).

Plaintiffs' complaint went further than merely classifying their claim as Tier 3 – it alleged the "characteristics of [the] case" were "consistent with a Tier designation" because there would be "documentary evidence, witnesses and expert witnesses" that would both "require more discovery" and "make the value well in excess of the Tier 3 requirements." Doc. 1 at 20, ¶ 26. Thus, the complaint expressly asserted that damages identified through discovery would exceed the Tier 3 threshold of $300,000. Because Plaintiffs both classified their case as Tier 3 and explained that damages would exceed the Tier 3 threshold, the complaint put Defendants on notice of a ground for removal. Defendants' removal, which occurred 160 days after they waived service of the complaint, was therefore untimely. *See* 28 U.S.C. § 1446(b)(1).

### B.   Plaintiffs' Email.

The federal removal statute instructs that "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper'" from which a basis for removal can be ascertained under subsection (b)(3). 28 U.S.C. § 1446(c)(3)(A). The "other paper" requirement generally encompasses "documents generated within the state court litigation." *Gonzales v. City of Peoria*, No. CV2100726PHXMTLMHB, 2021 WL 2389892, at *1 (D. Ariz. June 11, 2021). Courts within the Ninth Circuit have found emails sent between counsel during the litigation to be "other paper" within the meaning of § 1446. *See, e.g.*, *Munguia v. Penske Truck Leasing*, Co., No. 2:24-CV-01887-JLS-PD, 2024 WL 3055688, at *1 (C.D. Cal. May 1, 2024) ("On February 7, 2024, Plaintiff's Counsel sent Defense Counsel an email stating that the amount in controversy is 'beyond $75,000 in this case,' thereby providing the 'other paper' allowing for removal within 30 days pursuant to [§ 1446]." (citation omitted)); *Coury v. Air & Liquid Sys. Corp.*, No. 3:17-1240-SI, 2018 WL 702685, at *4 (D. Or. Feb. 2, 2018) ("Plaintiff and Defendants dispute whether letters or emails sent for settlement purposes can constitute 'other paper' sufficient to form the basis for removal

under § 1446. The Court concludes that they can."); *Stapleton v. United Healthcare Benefits Plan of Cal.*, No. 1:25-CV-00351-SAB, 2025 WL 2142349, at *5 (E.D. Cal. July 29, 2025*), report and recommendation adopted*, No. 1:25-CV-0351 JLT SAB, 2025 WL 2420304 (E.D. Cal. Aug. 21, 2025) (considering an email as "other paper," but ultimately denying the motion to remand as untimely).

The email sent by Plaintiffs' counsel on February 19, 2025, in response to an email from defense counsel requesting an estimate of damages in the case, was generated in the state court litigation. The email advised defense counsel that "[t]he bills that we currently have on [Plaintiff Cynthia Friedman] are in excess of $127,000.00" and "on [Plaintiff Martin Friedman] are approximately $12,000.00." Doc. 5 at 8. Defense counsel learned from the February 19 email that Plaintiffs' accrued bills already exceeded the $75,000 threshold for diversity jurisdiction.

Defendants did not file their notice of removal until 154 days after receiving the email. Removal was untimely for this reason, in addition to the earlier notice provided by the complaint itself.

**IT IS ORDERED** that Plaintiffs' motion to remand (Doc. 5) is **granted**. The Clerk shall remand this case to Maricopa County Superior Court.

Dated this 24th day of October, 2025.

_David G. Campbell_
David G. Campbell
Senior United States District Judge